[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared. The plaintiff was represented by counsel. The defendant appeared pro se. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The defendant and the plaintiff, whose maiden name was Sabile, intermarried at Honolulu, Hawaii on April 16, 1988; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are two minor child issue of the marriage, James Joseph Casey, born August 18, 1989 and Laura Ericka Casey, born December 28, 1991; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably with no hope of reconciliation and that no state or public agency contributed to the support or maintenance of either party or their children.
The plaintiff testified that in 1991 the defendant was unfaithful; that he had sexual relations with other women during the marriage; that she contacted gonorrhea from the defendant because of his adulterous affairs; that he spent Christmas and New Year's with his girlfriend; that in February 2002 the defendant vacated the marital home admitting to the plaintiff that he was living with another woman.
The defendant admitted his extramarital affairs; that the plaintiff never contacted him when he was on assignment with the Navy and that to him his marriage with the plaintiff ended about three years ago.
Based on the evidence, it is clear that the marriage of the parties has broken down irretrievably without any hope for reconciliation. I find the defendant more at fault for the breakdown than the plaintiff.
The plaintiff, who was born January 26, 1967, has an associate degree CT Page 15737 in Business, which she obtained in the Philippines and two years of study in Accounting. She presently is employed at Mohegan Sun Casino as a Credit Representative earning $8.83 per hour and has a net weekly income of $287.02. Previously, she was employed at Mohegan Sun as an Accounting Supervisor earning $13.00 per hour, but gave up that position in December 2001 because of family problems. When she returned to employment with Mohegan Sun in February 2002, her former position was unavailable. The plaintiff does not have any pension benefits through her employment at Mohegan Sun Casino.
The defendant, who was born October 6, 1961, has a high school education. He was in the U.S. Navy when he married the plaintiff but has since retired. He is presently employed is a laboratory technician at Laboratory Management Systems, Inc., in Groton, Connecticut. His present net weekly income from said employment is $656.00. In addition, he receives a gross U.S. Navy pension of $260.02, which nets him $204.00 weekly. Therefore, his total net weekly income is $860.00.
Both parties appeared to be in good health and their present employment seems secure. The parties purchased their marital home May 19, 1997 with a small down payment. Presently, the parties claim the home is worth $170,000.00 and is subject to a first mortgage of around $114,000.00 to $116,000.00.
The plaintiff wants the home. The defendant is agreeable to plaintiff living in the home until the youngest child becomes an adult. At that time, he wants the home to be sold and the net proceeds split after he receives his down payment of about $6,000.00.
The other assets of the parties and their debts will be set forth in the orders entered hereafter.
After considering the relevant evidence, the provisions of Connecticut General Statutes (C.G.S.) §§ 46b-62, 46b-81, 46b-82 and 46b-84, judgment is entered dissolving the marriage of the parties on the grounds of irretrievable breakdown with no hope for reconciliation.
It is ordered that:
1. Joint custody of the minor children is awarded to the parties with primary custody to the plaintiff. The defendant shall have reasonable rights of visitation provided he provides plaintiff with his current address and where the children will be during his visitation.
The defendant shall also have at least two weeks continuous visitation CT Page 15738 with the minor children during the summer. The parties shall alternate holidays with the children by mutual agreement. Further, the parties shall arrange for school vacations by mutual agreement.
2. The defendant shall pay to the plaintiff child support of $234.00 in accordance with the Connecticut Child Support Guidelines.
3. The defendant shall pay to the plaintiff alimony of $100.00 per week for six years, plaintiffs remarriage, death or cohabitation with an unrelated male pursuant to C.G.S. § 46b-86, whichever is the first to occur. Said alimony is non-modifiable as to term but not to amount.
No alimony is awarded to the defendant.
4. The defendant shall quit claim to the plaintiff all his interest in the marital home within 60 days. The plaintiff shall pay the mortgages and liens on said property and all the expenses of ownership and hold the defendant harmless thereon. At the time defendant transfers his interest to the plaintiff, she shall give to the defendant a promissory note payable to the defendant in the sum of $15,000.00 without interest payable within 90 days after the youngest child of the parties reaches the age of 18. Said note shall provide for a reasonable attorney's fee and costs of collection in the event of a default in payment and shall also be secured by a mortgage on said premises containing the usual covenants.
5. The plaintiff shall receive thirty-two (32%) percent of the defendant's U.S. Navy retirement pension. The defendant shall continue the Survivorship Beneficiary plan he previously elected for the plaintiffs benefit at his own expense. Any necessary documents to fulfill this order shall be prepared by defendant's attorney at defendant's expense.
6. The plaintiff shall keep her 2001 income tax refund.
7. The defendant shall be solely responsible for any obligations he owes on his 2001 income tax.
8. Each party shall maintain health and medical insurance for the minor children as is available through their employment. Each party shall equally share the unreimbursed medical/dental expenses for the minor children.
9. The defendant shall maintain the life insurance policy currently on his life with the children as irrevocable beneficiaries while he is obligated for child support. CT Page 15739
10. The plaintiff shall keep the 1994 Plymouth Colt automobile. The defendant shall keep the 1995 Hyundai Accent automobile.
11. Each party shall be solely responsible for the debts listed on their respective financial affidavits and shall hold the other harmless therefrom.
12. The court shall retain jurisdiction over the issue of parental contribution toward the cost of college education for the minor children pursuant to Connecticut statutes.
13. Each party shall pay their own attorney's fees.
 ___________________ Vasington, JTR
CT Page 15740